IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Prosonic Corporation,            :

    Plaintiff,             :

  v.                             :     Case No. 2:07-cv-803

Eric Stafford,                   :     JUDGE MARBLEY

    Defendant.             :

ORDER

    This case is currently set for a preliminary injunction hearing on January 9, 2008. The parties have been conducting discovery in anticipation of the hearing. For the most part, they have been able, either by themselves or with the assistance of the Court at informal discovery conferences, to work out the details of that discovery. However, they have reached an impasse with respect to whether Joe Spedale, who is the president of WDC Exploration and Wells (the company which currently employs defendant Eric Stafford) should be required to attend the deposition. In order to resolve that impasse, plaintiff Prosonic Corporation filed a motion to compel on December 17, 2007. Responsive and reply memoranda have now been filed. For the following reasons, the Court grants the motion to compel.

I.

    The basic facts relevant to the motion to compel appear largely to be undisputed. Mr. Stafford worked for Prosonic before going to work for WDC. While at Prosonic, he signed an employment agreement containing restrictive covenants and requiring him to keep certain trade secret information confidential. He now works for WDC, which, at least according to Prosonic, is a competitor. Prosonic has sued Mr. Stafford,

alleging that he has violated his restrictive covenants and also has improperly utilized confidential information at his current employment. Prosonic also alleges that Mr. Stafford has been involved in having WDC hire other Prosonic employees whose contracts contain restrictions similar to those in Mr. Stafford's contract.

Mr. Spedale is the President of WDC. He personally interviewed Mr. Stafford before hiring him. He has also been involved to some degree in the hiring of other former Prosonic employees. As president of the company, he possesses at least a general awareness of employment activities of Mr. Stafford and others.

There are some areas of factual disagreement. The memorandum in opposition asserts, at page five, that "Prosonic's...effort to connect Stafford and Mr. Spedale" through "its allegation that Stafford, as a District Manager, ultimately reports to Mr. Spedale...is absurd." Prosonic has cited deposition testimony suggesting that Mr. Stafford and every other WDC District Manager report directly to Mr. Spedale. The memorandum in opposition does not directly contradict this statement, although it does assert that Marco Daniels, WDC's National Business Development Director, also supervises Mr. Stafford and has more knowledge of Mr. Stafford's job responsibilities than does Mr. Spedale. Thus, although there is apparently some disagreement as to the significance of the fact that Mr. Stafford reports directly to Mr. Spedale, the Court concludes for purposes of its ruling that such reporting does occur. There are no other facts which are supported by sufficient references to depositions or other evidentiary materials to permit the Court to use them as a basis for making a decision.

II.

The law applicable to Prosonic's motion to compel is also not seriously disputed. The parties have cited a number of the same decisions, including a decision written by the undersigned (<u>Occidental Petroleum v. Firestone Tire and Rubber Co.</u>, 2:83-cv-1445 (December 14, 1988)) for the well-recognized proposition that some efforts to depose high-ranking corporate officials are subject to more exacting scrutiny by the Court than a garden-variety request to take a deposition of a person who may or may not have knowledge relevant to the case. While courts ordinarily permit a party to determine through the deposition process whether a witness has relevant knowledge, if the request for a deposition is peculiarly subject to abuse (such as a request to depose a high-ranking corporate official who does not appear to have either direct or significant knowledge about matters in litigation), the Court will require some additional showing to be made. As the <u>Occidental</u> decision points out, however, it is ordinarily the burden of the party resisting the deposition to demonstrate, in the first instance, the foundational elements of a claim for protection, including the rank held by the corporate official and the fact that he or she is not likely to have either relevant or significant knowledge of the matter at issue. As the memorandum in opposition points out, this concern over a potentially abusive and marginal discovery request is also reflected in Fed.R.Civ.P. 26(b)(2), which allows the Court to limit "unreasonably cumulative or duplicative" discovery or to prevent discovery where "the burden or expense of the proposed discovery outweighs its likely benefit...." Finally, because Mr. Spedale is not a party to this litigation (nor is his corporation, WDC), the Court keeps in mind the policies reflected in Fed.R.Civ.P. 45, which, as reflected in the language of Rule 45(c)(1), require parties to litigation to "take reasonable steps

3

to avoid imposing undue burden or expense upon persons subject to [a] subpoena."

Here, the opposing memorandum is somewhat short on supported factual detail.  For example, the Court is not told how large a corporation WDC is, how many persons it employs, how many different offices it has, or how much of its business is concentrated in the southeast region in which Mr. Stafford is employed as a district manager.  The Court is unaware of the amount of contact between Mr. Stafford and Mr. Spedale beyond the fact that there is a line of direct reporting.  It does appear from the deposition excerpts submitted by Prosonic that Mr. Spedale has been personally involved in hiring decisions of persons at Mr. Stafford's level, and perhaps below that level, and that he is also directly aware that Mr. Stafford and others may have had contractual restrictions when they worked for Prosonic which could be interpreted as calling into question their legal ability to work for a competitor such as WDC.  The Court has no information concerning the burden that would be imposed upon either Mr. Spedale or WDC if he is taken away from his duties as President of the company for whatever amount of time is required for him to be deposed.  Finally, Mr. Spedale has not provided any affidavit indicating either that he has no relevant knowledge (and it appears that he does have some knowledge about Mr. Stafford's employment and duties at WDC) or that all of the relevant knowledge he has about this matter has already been provided to Prosonic through the depositions of other WDC officials.

Here, the Court is basically left with a bare-bones assertion because Mr. Spedale is the President of a corporation, the attempt to take his deposition constitutes harassment even though he appears to have had some direct personal involvement in the events giving rise to this litigation.  That is not, in the

4

Court's view, enough to overcome the general proposition that the scope of discovery extends to persons having relevant evidence. See, e.g., RxUSA Wholesale, Inc. v. McKesson Corp., 2007 WL 1827335, *4 ("[w]here a high ranking executive has personal knowledge of facts relevant to the litigation, a party opposing the deposition carries a heavy burden to demonstrate good cause for a protective order"). Consequently, he can be deposed.

As alternative relief, the memorandum in opposition asks the Court to limit the duration of the deposition. Without a further factual basis, the Court simply cannot determine in any rational manner how long Prosonic reasonably needs to depose Mr. Spedale. The exigencies of the current circumstances may well suggest a time limit, especially if the parties are able to agree that a basic deposition will be taken in advance of the preliminary injunction hearing with a more complete deposition to follow later, if needed. Alternatively, of course, if Prosonic unduly prolongs the deposition, remedies will be available to the witness in the form of a motion for sanctions.

III.

For the foregoing reasons, the motion of plaintiff, Prosonic Corporation, to compel the deposition of Joe Spedale (#25) is granted. The parties shall work cooperatively to convene the deposition in advance of the January 9, 2008 preliminary injunction hearing.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon

5

consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.


                    /s/ Terence P. Kemp
                    United States Magistrate Judge